| | |
|---|---|
| **ROSITA SABROSSO-RENNICK** <br> 4212 Harford Terrace <br> Baltimore, Maryland 21214 <br><br> Plaintiff, <br><br> vs. <br><br> **MAYOR AND CITY COUNCIL** <br> **OF BALTIMORE** <br> Department of Law <br> City Hall Room 101 <br> 100 North Holiday Street <br> Baltimore, Md. 21202 <br><br> Served on: <br> Resident Agent <br> George A. Nilson, City Solicitor <br> City Hall, Suite 101 <br> 100 N. Holiday Street <br> Baltimore, MD 21202 <br><br> and <br><br> **ALFRED H. FOXX** <br> 691 St. Paul Street <br> Apartment D <br> Baltimore, MD 21202 <br><br> Defendants. | IN THE CIRCUIT COURT <br><br> OF MARYLAND, <br><br> FOR BALTIMORE CITY <br><br> Civil Case No.: 24-C12002 933 |

## COMPLAINT & JURY DEMAND

Plaintiff Rosita Sabrosso-Rennick (herein after "Plaintiff" or "Mrs. Sabrosso-Rennick"), as an individual, complains and alleges as follows:

## I. PARTIES

1. Mrs. Sabrosso-Rennick is a natural person, an African American woman who resides in Baltimore City in the State of Maryland. At all times relevant hereto Ms. Sabrosso-Rennick was an employee of defendants, working as a Public Information Officer (PIO) in the office of the Baltimore City Department of Transportation. (hereinafter "BCDOT")

2. Defendant, the Mayor & City Council of Baltimore (hereinafter referred to as "the City"), at all times relevant hereto, is a Maryland Municipal Corporation responsible for BCDT.

3. Defendant Alfred H. Foxx, (hereinafter "Defendant Foxx") was at all times relevant hereto, the Director of BCDT, and Plaintiff's direct supervisor.

## II. JURISDICTION

4. This Court has original jurisdiction over this matter pursuant to Md. State Government Code Ann. § 20 and Md. Code Ann., Cts. & Jud. Proc. 6-102 and 6-103.

## III. VENUE

5. This Venue is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. 6-201, and Md. State Government Code Ann. § 20-1013 because Defendant carries on a regular business, and the unlawful employment practices occurred in Baltimore City.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed charges of discrimination against Defendants with the Baltimore Community Relations Commission (BCRC). More than 180 days has passed since the filing of Plaintiff's charges with BCRC. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## V. FACTUAL ALLEGATIONS

7. On July 1, 2007, Plaintiff was employed by BCDT as a Public Information Officer. Plaintiff performed her job commendably, if not satisfactorily.

8. Sometime in August 2008, Defendant Foxx became the subject of allegations about improper of unethical conduct as a public official and an article critical of Defendant Foxx was published in the Baltimore Sun Newspaper. Additionally, the Inspector General's Office began an investigation of the allegations against Defendant Foxx.

9. On or about September 4, 2008 Defendant Foxx summons Plaintiff to a meeting where Defendant Foxx verbally attacked Plaintiff as being responsible for negative media coverage of the allegations against Defendant Foxx, including the Baltimore Sun Newspaper Article. Defendant Foxx yelled at Plaintiff pointed his finger in Plaintiff's face and tried to provoke Plaintiff into a physical confrontation.

10. Also on September 4, 2008 Defendant Foxx summons Jamie Kendrick, the deputy director BCDT to a meeting about the Baltimore Sun Newspaper allegations against Defendant Foxx and the abusive meeting Defendant Foxx had with Plaintiff. In this meeting, Defendant Foxx demanded that Mr. Kendrick terminate Plaintiff's employment. However, Mr. Kendrick advised against terminating Plaintiff and/or refused to carryout Defendant Foxx instructions.

11. A few days after the September 4, 2008 attack by Defendant Foxx against Plaintiff, Plaintiff filed a complaint with James Pyatt, the EEO officer with the Baltimore City Department of Transportation.

12. In January 2009, Plaintiff's employment contract was up for renewal; however, this was not done. On or about March 13, 2009 Plaintiff received an email form Carla Walton, Defendants' Director of Human Resources, informing Plaintiff that Plaintiff's employment contract would be extended through August 1, 2009. The email informed Plaintiff that the PIO position would be converted to a full time position and posted, and that Plaintiff should apply for the position. Plaintiff applied for the position but was never given an interview.

13. On or about April 1, 2009, Plaintiff signed a new employment contract, which continued Plaintiff's employment through July 2009. During this time, Plaintiff was excluded from the PIO meetings and not allowed to participate in projects that the PIO would normally work on.

14. On June 29, 2009, Plaintiff received a letter from Ms. Walton informing Plaintiff that Plaintiff's last day of employment would be July 17, 2009.

15. Sometime in late July 2009, Defendant hired Kathy Chopper, to the position of PIO.

16. On January 6, 2010, Plaintiff filed EEOC charges against Defendants for retaliation.

## VII. COUNT ONE
### (Retaliation in Violations of Md. State Government Code Ann. § 20-606).

17. Plaintiff individually re-alleges and incorporates by reference paragraphs 1 through 16 into this count as though fully set forth herein, and further alleges that at all times relevant hereto the Plaintiff was retaliated against in violation of the provisions of Md. State Government Code Ann. § 20-606.

18.     Defendants directly and/or by and through its employees intentionally, with malice and reckless indifference to its obligations under federal, state and local laws, retaliated against the Plaintiff for engaging in protected activity.

19.     The retaliatory conduct the Plaintiff was subjected to constitute an adverse employment action because the terms and conditions of Plaintiff's employment were adversely affected by Defendants' actions.

20.     The decision not to renew Plaintiff's Employment Contract and to deny Plaintiff an interview for the public information officer position is causally linked to Plaintiff engaging in protected activity.

21.     The retaliatory actions taken against the Plaintiff constituted adverse employment actions and altered the terms, conditions and privileges of Plaintiff's employment with the Defendants'.

22.     The Defendants' are fully aware of the retaliation against the Plaintiff detailed herein, and in fact, all Defendants' participated in retaliatory action.

23.     Defendants could have and should have taken steps that would have prevented the deprivation of the Plaintiff's rights caused by the retaliations.

24.     As a direct and proximate result of these retaliatory actions, the Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

**WHEREFORE** the Plaintiff demands damages against Defendants for compensatory damages in the amount of three hundred thousand dollars ($300,000.00);

and punitive damages in the amount of one million dollars ($1,000,000.00), plus interest and costs of this action.

## VI. COUNT TWO
### (Wrongful and Abusive Discharge).

25. Plaintiff repeats and realleges by reference each and every allegation contained in paragraphs 1 through 24, and incorporates the same herein as though fully set forth.

26. Plaintiff is informed and believes, and based thereon alleges, that she was terminated from her employment solely as a consequence of declining to perform work for Defendant Foxx in his personnel capacity, in violation of state and local laws.

27. These actions of Defendants are against the public policy of the State of Maryland as expressed in the State of Maryland and Baltimore City ethics laws and regulations. Furthermore, Defendant's actions are in breach of Plaintiff's employment contract.

28. As a direct and proximate result of the Defendants' termination of Plaintiff's employment in violation of public policy, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

29. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of the Defendants described above was done with malice, fraud and oppression; with conscious disregard for her rights; and with the intent, design and purpose of injuring Plaintiff.

6

30. Defendants' conduct as described herein was malicious and oppressive, with a conscious disregard of Plaintiff's rights. The acts of Defendants were performed with the knowledge of an employer's economic power over its employees.

**WHEREFORE** the Plaintiff demands damages against Defendants for compensatory damages in the amount of three hundred thousand dollars ($300,000.00); and punitive damages in the amount of two million dollars ($2,000,000.00), plus interest and costs of this action.

## VIII. COUNT THREE
### Intentional Infliction of Emotional Distress

31. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 1 through 30, and incorporates the same herein as though fully set forth.

32. In July 2009, Defendant Foxx caused the Plaintiff to be unjustly terminated by her employer.

33. Defendant Foxx targeted the Plaintiff with the knowledge of the Mayor and City Council of Baltimore.

34. The defendant's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Defendant.

35. Defendant Foxx's conduct was extreme and outrageous and beyond the bounds of decency in society.

36. The conduct of Defendant Foxx was malicious, willful and intentional.

37. As a result of the aforesaid conduct and actions, the Plaintiff has suffered and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE** the Plaintiff demands damages against Defendants for compensatory damages in the amount of One Million Dollars ($1,000,000.00); and punitive damages in the amount of Five Million Dollars ($5,000,000.00), plus interest and costs of this action.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court enter judgment in Plaintiff's favor and grant Plaintiff the maximum relief allowed by law, including, but not limited to;

(b) loss wages;

(c) compensatory and punitive damages; and,

(d) attorneys' fees, costs pre- and post-judgment interest, and such other relief as are just and equitable under the circumstances.

## X. JURY DEMAND

Plaintiff requests a trial by jury on all issues.

Respectfully Submitted,

_____
George A. Rose, Esq.
Rose Law Firm, LLC
200 E. Lexington Street, Suite 800
Baltimore, MD. 21202
Telephone #: 410-727-7555
Facsimile #: 410-727-7585
Email: grose@roselawfirm.net
Attorney for Plaintiff