IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROSITA SABROSSO-RENNICK,** | * | |
| Plaintiff, | * | |
| v. | * | **CASE NO.: 1:12-cv-02456JKB** |
| **MAYOR AND CITY COUNCIL OF BALTIMORE, et al.** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS MAYOR AND CITY COUNCIL OF BALTIMORE AND ALFRED H. FOXX'S MOTION TO DISMISS

The Plaintiff, Mrs. Rosita Sabrosso-Rennick, by and through their undersigned counsel, respectfully submit this Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss.

### BACKGROUND

On July 1, 2007, Plaintiff was employed by Defendant as a Public Information Officer in the Baltimore City Department of Transportation. Plaintiff performed her job commendably. *Compl. At ¶ 7* Sometime in August 2008, Defendant Foxx became the subject of allegations about improper or unethical conduct as a public official, and an article critical of Defendant Foxx was published in the Baltimore Sun Newspaper. Additionally, the Baltimore City Office of Inspector General began an investigation of the allegations against Defendant Foxx. *Compl. ¶ 8* On or about September 4, 2008 Defendant Foxx summons Plaintiff to a meeting where Defendant Foxx became violent and verbally attacked Plaintiff. Defendant Foxx accused Plaintiff as being responsible for the article in the Baltimore Sun Newspaper that was critical of Defendant Foxx. Defendant Foxx yelled at Plaintiff pointed his finger in Plaintiff's face and placed Mrs. Rennick in fear of physical

harm and physical confrontation. *Compl. ¶ 9* Additionally, Defendant Foxx summoned Jamie Kendrick, the deputy director BCDT to a meeting about the Baltimore Sun Newspaper article about Defendant Foxx and the abusive meeting Defendant Foxx had with Plaintiff. In this meeting, Defendant Foxx demanded that Mr. Kendrick terminate Plaintiff's employment. However, Mr. Kendrick advised against terminating Plaintiff and/or refused to carryout Defendant Foxx instructions. *Compl. at ¶ 10*

Within days after the attack by Defendant Foxx, in September 2008, Mrs. Rennick filed a complaint with James Pyatt, the EEO officer with the Baltimore City Department of Transportation. *Compl. at ¶ 11* Defendants retaliated by cancelling the scheduled routine renewal of Plaintiff's employment contract and denying Plaintiff an opportunity to apply for the PIO position which Defendant changed to a non-contractual position. *Compl. at ¶ 12* On or about July 17, 2009 Defendants terminated Plaintiff's employment. On January 6, 2010, Plaintiff filed EEOC charges against Defendants for retaliation. *Compl. at ¶¶ 14, 16*

## I.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a) (2), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. When ruling on such a motion, the court must accept the well-pled allegations of the complaint as true and construe the facts and reasonable inferences derived there from in the light most favorable to the plaintiff. However, the court need not accept the legal conclusions drawn from the facts, and the court need not accept as true unwarranted inferences, unreasonable conclusions or arguments.

**ARGUMENT**

    **A.    Plaintiff's Complaint is Not Defeated For Failure To Give Notice under the LGTCA**

Plaintiff complied with the spirit and purpose of the LGTCA notice requirement. 'Since the purpose of the notice requirement is to protect the municipalities and counties of the state from meretricious claimants and exaggerated claims by providing a mechanism whereby the municipality or county would be apprised of its possible liability at a time when it could conduct its own investigation, the Maryland Court of Appeals holds that strict compliance with the notice provisions of the Maryland Local Government Tort Claims Act is not always required; substantial compliance may suffice." <u>Renn v. Bd. of Comm'rs, 352 F. Supp. 2d 599 (D. Md. 2005).</u> A claimant substantially complies with subsections (a) and (b) of this section where the claimant complies with their purpose, furnishing the municipal body with sufficient information to permit it to make a timely investigation. <u>Faulk v. Ewing, 371 Md. 284, 808 A.2d 1262 (2002).</u>

In her Amended Complaint Plaintiff set forth that "A few days after the September 4, 2008 attack by Defendant Foxx against Mrs. Rennick, Plaintiff filed a complaint with James Pyatt, the EEO officer with the Baltimore City Department of Transportation. . *Compl. at ¶ 11* Furthermore, on January 6, 2010, Plaintiff filed EEO charges against Defendants for retaliation with Baltimore City Wage & Human Relations Commission. *Compl. at ¶ 16*

Defendant was therefore on notice of Plaintiff's claim and its potential liability and even investigated the claim. To claim prejudice and notice of Plaintiff's claims only upon filing of the instant complaint is not credible. Plaintiff filings furnished Defendant "with sufficient information to permit it to make a timely investigation," substantially complying with the LGTCA.

1. **Plaintiff's Title VII claim is Not Defeated For Failure To Give Notice under the LGTCA**

"When the general assembly enacted the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-301 et seq. (2010 Supp.), with respect to tort claimants (as opposed to tortfeasor-employees), the general assembly shifted financial obligations, rather than changing substantive rights. The legislature left intact all common law and statutory causes of action. At the same time, it clarified what procedural requirements tort claimants must satisfy in order to maintain suit. The fact that statutes creating some substantive rights and the procedural requirements are different is inapposite. The way in which a plaintiff may bring a claim is connected fundamentally to the type of claims that a plaintiff may bring, such that whatever restrictions the general assembly imposes should be deemed "conditions precedent."   Hansen v. City of Laurel, 420 Md. 678, (Md., 2011) The plain language of this section indicates a legislative intent to make the notice requirement broadly applicable to tort actions brought directly against local government, and the legislative history shows that it was intended to extend the scope of the existing notice statute. Williams v. Maynard, 359 Md. 389, 754 A.2d 379 (2000).

B.   **Plaintiff's Retaliation Claims Are Not Defeated by Section 20-1013 of the Maryland Code 2 year Limitation**

1. **The Limitation Under Section 20-1013 Equitable Toll**

The processing, investigation or adjudication of Plaintiff's EEO complaint that was filed with Defendant's EEO Officer, James Pyatt, and the BCWHRC, in September 2008 and January 2010 respectively, was the direct cause for Plaintiff not filing a lawsuit within the time specified in Section 20-1013.  Under the circumstances, fairness requires equitable tolling of Section 20-1013 time limit.  *Compl. at ¶¶ 11, 16*

### 2. Plaintiff's Retaliation Claim Pursuant to Title VII is Not Contested

Plaintiff Defendant does not contend that Plaintiff's claim for retaliation pursuant to Title VII is barred. Defendants in fact recognize the validity of Plaintiff's Title VII claim for retaliation in its argument against Plaintiff's claim for wrongful and abusive discharge.

### CONCLUSION

For all of the foregoing reasons, the Defendant's motion to dismiss the Complaint Should be Denied. In the alternative If the court finds that any of the claims failed based on the notice pleading standard, the Court should not dismiss those claims with prejudice.

Respectfully Submitted,

*/s/ George A. Rose*
_____
George A. Rose, Esq.
Federal Bar # 26086
Rose Law Firm, LLC
200 E. Lexington St. Suite 800
Baltimore, MD. 21202
Ph.410-727-7555
Fax. 443-320-0962
Email: grose@roselawfirm.net

### CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, a copy of the forgoing Response to Motion To Dismiss was served by electronic mail on:

Marla Y. Johnson, Assistant Solicitor
Baltimore City Law Department
100 N. Holliday Street
Baltimore, MD 21201
Attorney for Defendants

*/s/ George A. Rose*
_____
George A. Rose, Esq.