IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| ROSITA SABROSSO-RENNICK, | * | |
| Plaintiff | * | |
| v. | * | CIVIL No. 12-cv-2456-JKB |
| MAYOR AND CITY COUNCIL OF BALTIMORE, *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Rosita Sabrosso-Rennick ("Plaintiff") brought this suit against the Mayor and City Council of Baltimore and Alfred H. Foxx ("Defendants") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, unlawful employment practices in violation of MD. CODE ANN. STATE GOV'T § 20-606, and tortious interference with a contractual relationship. In addition, Plaintiff alleges state law claims against Defendant Foxx for wrongful and abusive discharge, and intentional infliction of emotional distress. Now pending before the Court is Defendant's motion to dismiss (ECF No. 13). The issues have been briefed and no hearing is required. Local Rule 105.6. For the reasons set forth below, the motion will be GRANTED.

I.   **BACKGROUND**[1]

Plaintiff is African-American woman who worked for the Baltimore City Department of Transportation as a public information officer. (Am. Compl. ¶ 1, ECF No. 5.) During the

---

[1] The facts are recited here as alleged by the Plaintiff, this being a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

relevant period, Defendant Foxx was the Director of the Baltimore City Department of Transportation and Plaintiff's direct supervisor. (*Id.* ¶ 3.)

Plaintiff alleges that during August 2008, Defendant Foxx became the subject of allegations of "improper or unethical conduct as a public official." (*Id.* ¶ 8.) According to the complaint, these allegations were reported in a newspaper article and investigated by the Baltimore City Inspector General's Office. (*Id.*) On September 4, 2008, Defendant Foxx accused Plaintiff of providing information for the newspaper article and demanded that one of his deputies fire Plaintiff, but Plaintiff was not fired at that time. (*See id.* ¶¶ 9, 10.) Plaintiff alleges that during this conversation, Defendant Foxx "yelled at Plaintiff [and] pointed his finger in Plaintiff's face," which caused Plaintiff to fear for her physical safety. (*Id.*) A few days later, "Plaintiff filed a complaint with James Pyatt, the EEO officer with the Baltimore City Department of Transportation." (*Id.* ¶ 11.)

Plaintiff's employment contract was not renewed in January 2009 as Plaintiff had expected. (*Id.* ¶ 12.) Instead, Plaintiff was informed in March 2009 by a human resources representative that her position would be converted to a full-time position, for which Plaintiff was invited to apply. Plaintiff applied, but she was not interviewed or hired for the position. "On June 29, 2009, Plaintiff received a letter [from the human resources representative] informing Plaintiff that [her] last day of employment would be July 17, 2009." (*Id.* ¶ 14.)

Plaintiff alleges that "[o]n January 6, 2010, she filed EEOC charges against Defendants for retaliation." (*Id.* ¶ 16.) She also alleges that she "timely filed charges of discrimination against Defendants with the Baltimore Community Relations Commission (BCRC)." (*Id.* ¶ 6.) The complaint does not specify whether Plaintiff filed separate reports with the EEOC and BCRC, or the two commissions shared responsibility for a single report under a work-sharing

agreement. On June 14, 2012, the EEOC issued Plaintiff a right-to-sue letter. (*Id.* Ex. A, ECF No. 5-1.)

## II. LEGAL STANDARD

A motion to dismiss under FED. R. CIV. P. 12(b)(6) is a test of the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To pass this test, a complaint need only present enough factual content to render its claims "plausible on [their] face" and enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff may not, however, rely on naked assertions, speculation, or legal conclusions. *Bell Atl. v. Twombly*, 550 U.S. 544, 556-57 (2007). In assessing the merits of a motion to dismiss, the court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). If after viewing the complaint in this light the court cannot infer more than "the mere possibility of misconduct," then the motion should be granted and the complaint dismissed. *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

### A. State Law Claims

Plaintiff asserts two state law causes of action against all Defendants: retaliation in violation of MD. CODE ANN. STATE GOV'T § 20-606, and wrongful and abusive discharge. In addition, Plaintiff asserts two state law causes of action against only Defendant Foxx: tortious interference with a contractual relationship and intentional infliction of emotional distress. All of these claims are subject to the notice requirement of the Local Government Tort Claims Act ("LGTCA"), which provides that "an action for unliquidated damages may not be brought

against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury." MD. CODE ANN. CTS. & JUD. PROC. § 5-304(b)(1). Such notice "shall be in writing and shall state the time, place, and cause of the injury. *Id.* § 5-304(b)(2). When the defendant local government is Baltimore City, the required "notice shall be given to the City Solicitor." *Id.* § 5-304(c)(3)(i). "It is a longstanding principle of Maryland jurisprudence that the LGTCA notice provision is a condition precedent to maintaining an action directly against a local government or its employees." *Hansen v. City of Laurel*, 25 A.3d 122, 130 (Md. 2011). The complaint does not allege that Plaintiff delivered a notice of claim to the Baltimore City Solicitor in compliance with the LGTCA.

Plaintiff argues that she substantially complied with the LGTCA notice requirement. The purpose of the notice provision is to apprise a local government of its possible liability at a time when it could conduct its own investigation, and substantial compliance may be sufficient if this purpose is fulfilled. *Moore v. Norouzi*, 807 A.2d 632, 640 (Md. 2002). "A tort claimant complies substantially with the LGTCA notice provision where he or she not only endeavors, or makes 'some effort,' to provide the information called out in § 5-304 to the division, unit, or contractee responsible for investigating tort claims, but actually does so." *Hansen*, 25 A.3d at 136 n.14 (summarizing relevant case law in dictum). Plaintiff has the burden of proving that she substantially complied with the notice requirement. *LaRosa v. Harford Cnty.*, No. 08 Civ. 2560 (CCB), 2010 WL 1375321, *10 (D. Md. Mar. 26, 2010) (citing *White v. Prince George's Cnty.*, 877 A.2d 1129, 1134 (Md. Ct. Spec. App. 2005)).

Plaintiff argues that she furnished Defendants with sufficient information for them to make a timely investigation in two ways: (1) she filed a complaint with the "EEO officer for the Baltimore City Department of Transportation" a few days after the September 4, 2008 incident

(Am. Compl. ¶ 11); and (2) she "filed EEOC charges against Defendants for retaliation" on January 6, 2010[2] (*Id.* ¶ 16).  However, filing a report to the EEOC or a similar entity is not substantial compliance.  *See McNeal v. Montgomery Cnty.*, 307 Fed. Appx. 766, 772 (4th Cir. 2009) (providing written notice to the Office of Human Rights was insufficient because the OHR "is an independent agency that investigates allegations of discrimination against employers in the County, and not allegations against the County itself").  Substantial compliance requires notice to the person or entity that is charged with investigating tort claims against the defendant local government agency for the purpose of inquiring into legal defenses.  *Hansen v. City of Laurel*, 996 A.2d 882, 891-92 (Md. Ct. Spec. App. 2010) (affirmed on other grounds); *see also White*, 877 A.2d at 1139 (holding that filing a brutality complaint with the internal affairs division of a police department is not substantial compliance because it is not "an entity with responsibility for investigating tort claims against the County").

Plaintiff's January 6, 2010 report to the EEOC did not constitute substantial compliance, because the EEOC investigates allegations of discrimination against all employers, not on behalf of Baltimore City for the purposes of preparing legal defenses.  Likewise, Plaintiff has not offered any explanation or summary of the role of the "EEO officer for the Baltimore City Department of Transportation."  Plaintiff has not alleged or offered evidence to support the possibility that this person has a role in investigating allegations of discrimination for the preparation of legal defenses.  Therefore, Plaintiff has failed to establish that she substantially complied with the LGTCA.  *See LaRosa*, 2010 WL 1375321, *10 (plaintiff has the burden of establishing substantial compliance).

---

[2] As described above, the complaint is ambiguous as to whether Plaintiff filed separate complaints with the EEOC and BCRC. Based on the description in Plaintiff's brief of the January 6, 2010 report, the Court assumes that she made a single complaint to the BCRC, which has a work-sharing agreement with the EEOC. (*See* Pl. Br. at 3 (referring to a January 6, 2010 charge "against Defendants for retaliation with Baltimore City Wage & Human Rights Commission").)

Plaintiff has not argued that her failure to give notice should be forgiven for good cause under MD. CODE ANN. CTS. & JUD. PROC. § 5-304(d).  Indeed, Plaintiff has not presented her claim with "the degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances."  *See Prince George's Cnty. v. Longtin*, 988 A.2d 20, 35 (Md. Ct. Spec. App. 2010) (the factors that are the earmarks of good cause include "(1) excusable neglect or mistake . . ., (2) serious physical or mental injury and/or location out-of-state, (3) the inability to retain counsel in cases involving complex litigation . . . (4) ignorance of the statutory notice requirement[,] or (5) misleading representations made by [a] representative of the local government") (internal quotation marks omitted).

      **B.**    **Title VII Claim**

The complaint fails to state a claim under Title VII for which relief can be granted.  Title VII makes it unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment" on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  It also forbids employers from retaliating against an employee who has openly opposed such discrimination or any other employment practice that the statute makes unlawful.  42 U.S.C. § 2000e-3(a).  It does not provide a remedy for an employer's retaliation against an employee for opposing practices, even if discriminatory, that are outside the scope of the statute.  *See Crowley v. Prince George's Cnty.*, 890 F.2d 683, 687 (4th Cir. 1989).  Plaintiff has not alleged that Defendants discriminated against her because she is a member of a protected class.  In fact, the complaint suggests that Plaintiff's contract was not renewed because Defendant Foxx believed that Plaintiff divulged embarrassing information about him to a newspaper and filed a complaint about the resulting mistreatment.

More specifically, the complaint fails to state a claim for retaliation under Title VII. In order to establish a *prima facie* case of retaliation, Plaintiff must show (1) that she engaged in an activity protected by Title VII; (2) that Defendant took an adverse employment action against her; and (3) that a causal connection exists between (1) and (2). *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). Plaintiff's complaint fails to plead facts sufficient to support the first element of this claim. Title VII only protects an employee's complaint about a situation that an objectively reasonable person could have believed constituted a Title VII violation. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 340 (4th Cir. 2006). As explained above, no objectively reasonable person could have believed that the alleged incident on September 4, 2008 constituted a Title VII violation. Therefore, Plaintiff has failed to state a claim for retaliation.

## IV.     CONCLUSION

Accordingly, an order shall issue GRANTING Defendant's motion to dismiss (ECF No. 13), DISMISSING Plaintiff's claims and CLOSING this case.

Dated this   21st   day of December, 2012

BY THE COURT:

/s/
James K. Bredar
United States District Judge